This suit grows out of the same collision as is involved in the suit of Matthis et al. v. Texas Louisiana Coaches, La.App.,18 So.2d 345. The pleadings are practically the same. Mrs. Louise Lee and her husband, Dewey Lee, instituted this suit to recover the sum of $15,250 for general injuries received by Mrs. Lee and for medical expenses paid by her husband.
This suit was tried by the trial judge prior to the trial of the Matthis case, but was not decided until the trial and decision of the Matthis case. There was more evidence introduced in the Matthis case.
The trial judge, almost nine months after the trial of the case, gave lengthy reason for a judgment for the plaintiff, Mrs. Lee, in the sum of $1,000, and for the plaintiff Mr. Lee in the sum of $22.
In due time defendants filed a motion for a new trial, setting forth they had discovered new evidence since the trial and submission of the case, to wit, the testimony of Elton Manuel, who had appeared as a witness in the Matthis case, and also the deposition of Mr. D.W. Weeks, introduced in the Matthis case; that such evidence was material to the issues in this case.
The motion for a new trial was overruled with written reasons. The judgment was then read and signed. The defendants have appealed.
The issues in this case are the same as in the Matthis case, save that the defendants complain of the overruling of their motion for a new trial. However, the defendants, in oral argument and in brief, admit that if liability is found by us in the Matthis case, then there is no necessity in passing upon the motion for new trial.
In the Matthis case we concluded that there was negligence on the part of the bus driver contributing to the accident and that the defendants were liable. Therefore there is no necessity of passing on the motion for a new trial, and for the reasons assigned in the Matthis case, there is liability in this case.
The defendants, however, seriously contend that the amount awarded to Mrs. Lee is excessive.
The evidence shows that plaintiff was knocked unconscious, and remained so for a short period of time. When she regained consciousness, she had her head resting on her brother's lap and she was then taken to Dr. Frazer's Clinic at De Ridder, where it was found that she had suffered a small cut above her right eye, a small cut on her left knee, and some minor bruises. Her wounds were sutured. There was no bone injury. She was discharged and allowed to go home the same day. According to the medical testimony there was no permanent injury.
We are of the opinion that the award is excessive and that the sum of $500 is ample to compensate plaintiff, Mrs. Lee, for her temporary injuries, and accordingly it is ordered that the judgment be amended by reducing the award to Mrs. Lee to $500, and as thus amended it is affirmed.